### STATE *v.* THOMAS BAKER.

*Perjury. Form of indictment. No. 29, Acts 1890.*

The form prescribed in s. 3, No. 29, Acts of 1890, is properly used in an indictment charging the commission of perjury in disclosure proceedings before a justice of the peace after a conviction for intoxication.

Indictment for perjury. Trial by jury at the September term, 1891, Ross, Ch. J., presiding. Verdict of guilty. The respondent excepts.

The form of the indictment was that prescribed by s. 3, No. 29, Acts 1890. The evidence of the State tended to show that the respondent had been convicted of the crime of intoxication before a justice of the peace, and had thereupon been required to disclose before said justice the source whence he obtained the intoxicating liquor; and that in the making of such disclosure he committed the alleged perjury. To the admission of this evidence the respondent objected and excepted.

*D. J. Foster*, for the respondent.

At common law no fact could be proved in a criminal prosecution which was not alleged in the indictment. 1 Bish. Cr. Pro. 331, 339.

The legislature may simplify an indictment, but cannot do away with its essential requisites.

Con. of Vt. Chap. 1, Art. 10; Cooley's Con. Lim. 294, 374, 327, Note.

*J. E. Cushman*, State's Attorney, and *W. L. Burnap*, for the State.

The opinion of the court was delivered by

TAFT, J. No question arises in this case as to the sufficiency of the indictment. There is neither demurrer nor motion in arrest. Objection was made that certain testimony was not "admissible under the indictment." It was admitted under exception and this is the only question before us. The testimony tended to support material allegations in the indictment and was therefore properly admitted unless the claim of the respondent is tenable, that the offence shown was committed before a court or tribunal and therefore the indictment should have been in the form prescribed in s. 1, No. 29, Acts 1890. The form given in s. 3, of that act is the one used by the pleader in the case at bar, and is the appropriate one, in any case when a person gives false testimony before any person who has authority to examine him under oath touching or concerning any matter or thing; and we think the same form should be used whether the false testimony is given before a court or tribunal, or elsewhere. When a witness testifies falsely, before a court or tribunal, in a trial between parties, the form given in s. 1, of the act, may be used, as it appropriately describes the offense. It is not necessary, however, to use that form in the prosecution of every offence committed before a court or tribunal. It is only appropriate in those cases when the acts constituting the offence fall within the legitimate scope of its substantial and material allegations; i. e. when a witness appears in a proceeding before a tribunal of competent jurisdiction, in which there are parties, and commits perjury in giving testimony which is material to the issue then and there pending in said proceeding. A disclosure proceeding following a conviction of the crime of intoxication is not a trial between parties. It may appertain to, and depend upon one, be an incident of one, but it is not a part of it. The third section of the act covers a case of perjury committed before a "person or persons or before a board consisting of more than one person." It is claimed that the form given in that section

State *v.* Thomas Baker.

cannot be used if the oath was taken before a court. The words of the section are general, they are " before a person or persons or a board consisting of more than one person " etc. Why may not a court or the judge or judges composing it be described as a person or persons? The word " person " as used in that section includes any and every one, whatever his official position may be, or, in whatever official capacity he may act. A person as such has no right to examine another under oath. It must always be in some official capacity. The word " person " is used in the third section, to include any official or magistrate, to whom power is given to conduct judicial or other investigations. Judges of a court are persons, and the act no doubt was so drawn, using such a general term, as to include all persons having authority to examine others, to avoid the necessity of naming each particular official. There are many instances of the power of courts to examine persons, not as witnesses, but as to matters of which it is supposed they may have knowledge *e. g.* these very cases of disclosure by intoxicated persons ; in the probate court when a person is suspected of concealing the property or papers of the estates, or the wills of deceased persons, or the property of those under guardianship under R. L. ss. 2157, 2158, 2455 ; in the same courts and courts of insolvency in the settlement of accounts. The respondent was properly charged with having testified falsely before a person, one J. W. Russell, justice of the peace, then and there having authority to examine him under oath touching or concerning the matter of the place where and the person of whom he procured the liquor causing his intoxication, and we think although the proceeding of the disclosure was in court, he was properly prosecuted under the form given in the third section of the act referred to. The testimony was properly admitted.

*Exceptions overruled, judgment of guilty upon the verdict affirmed, sentence thereon and execution thereof ordered.*